UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

FURMAN GILMORE,

Plaintiff,

1:07-CV–0919 (GLS)(RFT)

v.

GREENE COUNTY DEPARTMENT OF SOCIAL SERVICES; GEORGE PULVER,

Defendants.

APPEARANCES:

FURMAN GILMORE
Plaintiff, *pro se*

GARY L. SHARPE, DISTRICT JUDGE

**DECISION and ORDER**

## I. Introduction

Presently before this Court is a complaint from *pro se* plaintiff Furman Gilmore.[1] Plaintiff has not paid any fee relating to this action and seeks leave to proceed *in forma pauperis*. Dkt. No. 2.

For the reasons stated below, plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and Rule 5.4(a) of the Local Rules of Practice of this District.

## II. Discussion.

Where a plaintiff seeks leave to proceed *in forma pauperis,* the Court must determine whether the plaintiff has demonstrated sufficient economic to proceed without prepaying, in full, the $350.00 filing fee. The Court must also consider whether the causes of action stated in the complaint are, *inter alia*, frivolous or malicious, or if they

[1] Plaintiff is presently confined at Hale Creek ASACTC in Johnstown, New York. Dkt. No. 6.

fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b)(1).

**A. Economic Need**

In this case, plaintiff has demonstrated economic need. Accordingly, plaintiff properly commenced this action without prepayment of the filing fee.

**B. Sufficiency of the Complaint**

Turning to the second inquiry, 28 U.S.C. § 1915(e), as amended, directs that the Court:

> (2) [S]hall dismiss the case at any time if the court determines that -
> ***
> (B) the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). Thus, there is a responsibility on the Court to determine that a complaint may be properly maintained in the District before it may permit a plaintiff to proceed with an action *in forma pauperis*. *Id.*; *see also* 28 U.S.C. § 1915A(b)(1).

Plaintiff's complaint names the Greene County Department of Social Services ("DSS") and Green County Court Judge George Pulver as defendants. Dkt. No. 1. The complaint also identifies DSS employees Kelly Tuomey, Sheron Regani and Kelly Potts as defendants, although they are not listed in the caption of the complaint. Plaintiff claims that on August 2, 2001, defendants "deprived [him] of liberty and property without due process of law." Dkt. No. 1 at 5. The complaint, which seeks "reversal of the lower court's decision," does not include a statement of the facts relied upon by plaintiff in

support of his claim.[2]

The law in the Second Circuit clearly provides that "[j]udges enjoy absolute immunity from personal liability for 'acts committed within their judicial jurisdiction.'" *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (quoting *Pierson v. Ray*, 386 U.S. 547 (1967)). "The absolute immunity of a judge applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Young*, 41 F.3d at 51 (internal quotations omitted).

Because plaintiff's claims against defendant Pulver appear to relate to and arise out of the performance of his official judicial function, he is absolutely immune from liability for the actions complained of by plaintiff and is therefore dismissed from this action, with prejudice.

Moreover, federal district courts "do not have jurisdiction ... over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 414-16 (1923). This principal of comity has become known as the Rooker-Feldman doctrine. The essence of the Rooker-Feldman doctrine is that inferior federal courts have no authority to review judgments of state courts in judicial proceedings and that federal review, if any, can occur only by way of a certiorari petition to the Supreme Court. *Phifer v. City of New York*, 289 F.3d 49, 55-56 (2d Cir. 2002); *Rogers-Fink v. Cortland County Dep't of Social Servs.*, 855 F.Supp. 45, 47 (N.D.N.Y.

[2] It appears that the state court action which forms the basis of plaintiff's claims herein concluded on August 31, 2004. *See* Dkt. No. 1 at 3.

1994) (Scullin, J.).

Thus, to the extent that plaintiff seeks to challenges rulings and determinations made by the Greene County Court, this Court lacks jurisdiction over those claims. In light of plaintiff's *pro se* status, the Court has also considered whether the complaint, as drafted, states a claim against the DSS defendants upon which the Court could grant plaintiff relief and finds that it does not.

For the reasons set forth above, the complaint is dismissed for failure to state a claim upon which relief may be granted by this Court. In light of the dismissal of this action, plaintiff's *in forma pauperis* application is denied as moot.

WHEREFORE, it is hereby

ORDERED, that George Pulver is dismissed as a defendant in this action, with prejudice, and it is further

ORDERED, that this action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and Rule 5.4(a) of the Local Rules of Practice of this District, and it is further

ORDERED, that plaintiff's *in forma pauperis* application is denied as moot, and it is further

ORDERED, that the Clerk serve a copy this Decision and Order on the plaintiff.

IT IS SO ORDERED.

Dated: November 20, 2007

Gary L. Sharpe
U.S. District Judge